UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

—————

RAFAEL BEAN,

                Plaintiff,                Case No. 2:11-cv-427

v.                                      Honorable Robert Holmes Bell

KEN TRIBLEY et al.,

                Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim with the exception of Plaintiff's Eighth Amendment claim against Defendants Hill and Nadeau concerning the deprivation of forty-two meal trays over a period of two months.

**Discussion**

I.    Factual allegations

Plaintiff is incarcerated in the Baraga Maximum Correctional Facility.  In his *pro se* amended complaint (docket #6), Plaintiff sues the following Baraga employees: Assistant Deputy Wardens Ken Tribley and (unknown) Alexander; Resident Unit Managers B. Mercier and (unknown) Tallio; Nurses Peggy Oatley and C. Tammelin (a.k.a. LaForrest); Nurse Supervisor J. Kimsel; Resident Unit Officers J. Hill, (unknown) Nadeau, (unknown) Berttuccio, (unknown) Kerkala, (unknown) Sego, (unknown) Lay; Lieutenant (unknown) Devoe; Nurse Administrator J. Stephenson; Sergeants (unknown) Brown and (unknown) Vizna; Corrections Officers (unknown) Neubecker; Hearing Officer T. Mohrman; and Hearing Investigator (unknown) Mohr.

Plaintiff brings numerous claims against Defendants concerning the conditions of his confinement at Baraga from April 2009 through March 2011.  Additional facts will be provided below as necessary to address Plaintiff's claims.  For relief, Plaintiff seeks compensatory and punitive damages.  He also requests an order requiring Defendants to release him to the general population.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Defendants Alexander, Tallio, Mercer, Vizna, Kimsel, Stephenson**

Plaintiff claims that Defendants Alexander, Tallio, Mercer, Vizna, Kimsel and Stephenson failed to investigate his complaints and grievances and/or failed to take corrective action with regard to the alleged unconstitutional conduct of their subordinates.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed

-3-

constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because Plaintiff fails to allege that Defendants Alexander, Tallio, Mercer, Vizna, Kimsel and Stephenson engaged in any active unconstitutional behavior, he fails to state a claim against them.

B.    **Defendant Tribley**

Defendant Tribley approved Plaintiff's placement on a mattress restriction on March 22, 2011, as result of an incident that occurred on March 19, 2011, during which Plaintiff was accused of standing on his mattress directly in front of his cell door and masturbating. (Restriction of Segregation Property and Privileges, Exhibit A, Page ID#20.) As a result of the restriction, Plaintiff's mattress was removed from his cell for a period of seven days "with no adequate substitute." (Am. Compl. 4, Page ID#170.) Plaintiff, who allegedly suffers from documented back pain, claims that he was forced to sleep on a cement slab in violation of his Eighth Amendment right against cruel and unusual punishment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene

-4-

society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

The Sixth Circuit has held that a seven-day mattress restriction does not rise to the level of an Eighth Amendment claim.  *See Grissom v. Davis*, 55 F. App'x 756, 757–58 (6th Cir. 2003) (affirming dismissal of an Eighth Amendment claim because the prisoner "neither alleged nor presented any evidence that the seven-day mattress restriction deprived her of basic human needs or caused her to suffer serious harm"); *Jones v. Toombs*, No. 95–1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) (holding that the prisoner's Eighth Amendment rights were not violated when

officials "depriv[ed] him of a mattress for a two week period") (citing *Schroeder v. Kaplan*, No. 93–17123, 1995 WL 398878, at *2 (9th Cir. July 7, 1995) (requiring prisoner to sleep on floor for a four-week period without use of a mattress does not violate the Eighth Amendment)). While Plaintiff alleges that he has a history of back pain, he does not allege that he suffered any harm as a result of the mattress restriction. Accordingly, he fails to state an Eighth Amendment claim against Tribley.

### C.    Defendants Devoe, Hill and Nadeau

Plaintiff alleges that on May 8, 2010, Defendant Devoe approved a food loaf restriction for a period of seven days after Defendant Hill falsely charged him with refusing to return his food tray and utensils. Plaintiff further alleges that Defendants Hill and Nadeau deprived him of a total of forty-two breakfast and lunch trays between May 8, 2010 and June 30, 2010, in violation of his Eighth Amendment rights.

The Eighth Amendment only is concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes, 452 U.S.* at 348. With regard to food, prisoners must receive adequate nutrition to maintain normal health; the food need not be tasty or aesthetically pleasing. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). The Sixth Circuit repeatedly has held that a diet of food loaf does not violate the Eighth Amendment because nutritional and caloric requirements are met. *See, e.g.*, *Payton-Bey v. Vidor*, No. 94-2472, 1995 WL 603241, at *1 (6th Cir. Oct. 12, 1995); *Hinton v. Doney*, No. 93-2050, 1994 WL 20225, at *2 (6th Cir. Jan. 26, 1994); *Boswell v. Meyers*, No. 89-2144, 1990 WL 109230, at *1 (6th Cir. Aug. 2, 1990). Therefore, Plaintiff fails to state an Eighth Amendment claim against Defendants Devoe and Hill arising from the food loaf restriction.

Plaintiff's allegations that Defendants Hill and Nadeau deprived him of forty-two breakfast and lunch trays over a two-month period is sufficient to state a claim. Accordingly, the Court will serve Plaintiff's Eighth Amendment claim against Defendants Hill and Nadeau concerning the alleged denial of food trays.

### D.    Defendant Tammelin (a.k.a. LaForrest)

Plaintiff alleges that Defendant Tammelin violated his Eighth Amendment rights when she refused to process his medical kite for blood pressure medication on January 25, 2010.

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

-7-

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Although Plaintiff vaguely asserts that he "suffered physical injury," he does not specifically allege whether he was actually deprived of blood pressure medication for any period of time, nor does he specifically allege what adverse health affects he suffered as a result of Tammelin's failure to process his medical kite on one occasion. Consequently, Plaintiff's allegations are insufficient to establish that Tammelin disregarded a substantial risk of serious harm. *See Dean v. Conley*, 20 F. App'x 294, 295 (6th Cir. 2001) (four-day delay in processing of inmate's request for prescription medication was *de minimis* deprivation with little or no adverse medical consequences, and thus was insufficient to support inmate's Eighth Amendment claim). Plaintiff, therefore, fails to state an Eighth Amendment claim against her.

E.     **Defendants Brown, Kerkala and Berttuccio**

Plaintiff claims that on November 14, 2009, Defendant Brown ordered Defendants Kerkala and Berttuccio to tell Nurse Kelvin[1] not to give Plaintiff his high blood pressure medication. Plaintiff further alleges that Defendants Kerkala and Berttuccio would not allow Nurse Kelvin to deliver Plaintiff's high blood pressure medication on November 14 and 15, 2009, because they were

---

[1]Nurse Kelvin is not named as a Defendant in this action.

-8-

concerned about the nurse's safety. Plaintiff maintains that he did not pose a danger to Nurse Kelvin and that the conduct of Defendants Brown, Kerkala and Berttuccio constituted deliberate indifference to a serious medical need in violation of his Eighth Amendment rights.

As set forth above, an inmate may prevail on an Eight Amendment claim where he can show that a prison guard or official acted with deliberate indifference to the inmate's serious medical need. *Estelle*, 429 U.S. at 103. A deliberate refusal on the part of prison officials to provide an inmate with prescribed medication may demonstrate such deliberate indifference. *See Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991); *Byrd v. Wilson*, 701 F.2d 592, 595 (6th Cir. 1983) (per curiam). In this case, however, the deprivation was brief and Plaintiff does not allege that he suffered any adverse medical consequences as a result of the interruption in his medication. Under these circumstances, Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. *See Mack v. Wilkinson*, 79 F. App'x 137, 139 (6th Cir. 2003) (alleged denial by prison official of prisoner's self-carry medication for 10-day period while he was in protective custody did not rise to the level of serious deprivation and deliberate indifference required to support prisoner's Eighth Amendment claim). Accordingly, the Court will dismiss Defendants Brown, Kerkala and Berttuccio for failure to state a claim.

### F.      **Defendant Neubecker**

Plaintiff alleges that on July 27, 2009, Defendant Neubecker violated his Eighth Amendment rights when he moved Plaintiff to a cell that was "dirty and unsanitize." (Am. Compl. ¶ 16, Page ID#178.) Plaintiff was moved as a result of a major misconduct charge for threatening behavior and sexual misconduct written by Defendant Neubecker. Plaintiff was found guilty of the sexual misconduct charge, but the threatening behavior charge was dismissed as duplicative of the sexual misconduct charge. (Major Misconduct Hr'g Report, Page ID#78.)

In order to establish an Eighth Amendment violation based on the conditions of his confinement, plaintiff must show that the conditions resulted in "extreme deprivations" of basic necessities. *Hudson*, 503 U.S. at 8–9.  Plaintiff has not alleged facts indicating that the conditions of his cell were sufficiently extreme to amount to a constitutional violation.  Moreover, allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency.  *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.  2001).  Plaintiff does not allege that prison officials allowed the unsanitary conditions to persist by failing to clean the cell or that they refused to provide him with cleaning supplies so that he could clean his own cell.  Furthermore, Plaintiff does not allege that he suffered a physical injury as a result of the cell conditions.  The Sixth Circuit repeatedly has held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury.  *See, e.g.*, *Jackson v. Herrington*, 493 F. App'x 348,  354 (6th Cir. 2010); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).  Plaintiff, therefore, fails to state an Eighth Amendment claim against Defendant Neubecker.

G.    **Defendants Lay and Sego**

Plaintiff claims that Defendant Lay violated his First and Eighth Amendment rights on July 28, 2009, when he refused to give Plaintiff his breakfast and lunch trays in retaliation for the misconduct charge Plaintiff received for threatening behavior.  Lay told Plaintiff, "You don't eat when you masterbate [sic] on female staff."  (Am. Compl. ¶ 11, Page ID#179.)  Plaintiff claims that he suffered stomach cramps from not eating since the previous evening.   In addition, Plaintiff

alleges that Defendants Lay and Sego denied him the opportunity to attend the hearing on his major misconduct charge on August 19, 2009, in violation of his due process rights.

Plaintiff's allegation that Defendant Lay deprived him of two meal trays fails to state an Eighth Amendment claim.  Though the deprivation of life's necessities, such as food and water, can constitute a claim under the Eighth Amendment, *see Dellis*, 257 F.3d at 512, the withholding of two meals, though it may result in some discomfort to the prisoner, generally does not result in a health risk to the prisoner sufficient to qualify as a "wanton infliction of pain."  *See Cunningham*, 667 F.2d at 565-66 (serving prisoner only one meal a day for fifteen consecutive days did not constitute cruel and unusual punishment when the one meal a day furnished was sufficient to maintain normal health for the 15 days involved); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (single instance in which prison guard deprived state inmate of books, linens, food trays, and mail did not violate Eighth Amendment); *Jones v. Carberry*, No. 2:08-cv-268, 2010 WL 1172562, at *6 (W.D. Mich. Mar. 24, 2010) (withholding of five meals during a three day period and withholding water for a brief period of time did not violate Eighth Amendment).  Accordingly, Plaintiff's Eighth Amendment claim against Defendant Lay must be dismissed.

Plaintiff also alleges that Defendant Lay deprived him of two meal trays in retaliation for the misconduct charge Plaintiff received for threatening behavior.  In order to set forth a First Amendment retaliation claim, a plaintiff must first establish that he was engaged in protected conduct.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  Plaintiff cannot sustain a retaliation claim against Defendant Lay because conduct that violates prison regulation is not protected conduct.  *See Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (prisoner's act of calling the hearing officer a "foul and corrupt bitch" was not protected conduct because such

behavior fell within the definition of "insolence" under the MDOC Policy Directive governing prisoner misconduct). Consequently, Plaintiff fails to state a retaliation claim against Defendant Lay.

Plaintiff further asserts that Defendants Lay and Sego denied him the opportunity to attend the hearing on a major misconduct charge in violation of his due process rights. A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior. The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest." But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Plaintiff does not allege that his major misconduct convictions resulted in any loss of good-time credits, nor could he. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[2] for prisoners convicted for crimes

---

[2] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

occurring after April 1, 1987.  In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that the loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board.  481 F.3d at 440.  Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement.  355 F. App'x at 912; *accord, Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at *4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011).  In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of disciplinary credits.  *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation.  *See Sandin v. Connor*, 515 U.S. 472 (1995).  Plaintiff has not identified any significant deprivation arising from his misconduct conviction.  Unless a prison misconduct conviction results in an extension of the duration of a prisoner's sentence or some other atypical hardship, a due-process claim fails.  *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004). Because Plaintiff did not have a liberty interest in the misconduct proceedings, Defendants Lay and Sego's alleged conduct did not violate Plaintiff's due process rights.

J.      **Defendants Mohr and Mohrman**

Plaintiff alleges that on April 14 and 15, 2009, Defendant Hearing Investigator Mohr violated his due process rights when he failed to secure a video requested by Plaintiff to defend himself against a charge of sexual misconduct.  Plaintiff further claims that Defendant Hearing Officer Mohrman violated his due process rights at the misconduct hearing held on April 30, 2009. Plaintiff contends that Mohrman never looked at the video or made a record of why it was not produced at the hearing.  Plaintiff also appears to allege that Mohrman failed to provide a written report of the decision and the evidence relied upon in reaching the decision.

As thoroughly discussed in the preceding section, Plaintiff did not have a liberty interest in the prison misconduct proceedings.  In the absence of a protectible liberty interest, Plaintiff's due process claim against Defendants Mohr and Mohrman arising from the major misconduct conviction must fail.[3]

K.      **Retaliation**

In addition to Plaintiff's retaliation claim against Defendant Lay discussed above, Plaintiff makes claims of retaliation against Defendants Tribley, Hill, Nadeau, Oatley, Tammelin and Neubecker.  Plaintiff claims that Tribley placed him on mattress restriction in retaliation for filing a grievance against Tribley while Plaintiff was incarcerated at Marquette Branch Prison and Tribley was employed there as an assistant deputy warden.  He further alleges that Defendants Hill and Nadeau deprived him of food trays in retaliation for Plaintiff filing grievances against them and their co-workers.  Plaintiff claims that Defendant Oatley brought a false sexual misconduct charge against

---

[3]As a hearing officer, Defendant Mohrman also is immune from Plaintiff's claims for monetary damages. *See Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007)*; Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988).

him on March 9, 2010, in retaliation for filing grievances against her co-workers.[4]   In addition,

Plaintiff alleges that Defendant Tammelin refused to process his medical kite for blood pressure

medication and falsified a major misconduct against him in retaliation for Plaintiff's grievances

against her co-workers.[5]   Finally, Plaintiff alleges that Defendant Neubecker moved him to a dirty

cell in retaliation for Plaintiff filing grievances "on the administration of MBP."  (Am. Compl. ¶ 16,

Page ID#178.)

        In order to set forth a First Amendment retaliation claim, a plaintiff must establish

that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that

would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action

was motivated, at least in part, by the protected conduct.  *Thaddeus-X*, 175 F.3d at 394.  Moreover,

a plaintiff must be able to prove that the exercise of the protected right was a substantial or

motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d

1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S.

274, 287 (1977)).

        The filing of a prison grievance is constitutionally protected conduct for which a

prisoner cannot be subjected to retaliation.  *See Campbell*, 250 F.3d at 1037.  Assuming for purposes

of this opinion that Defendants' alleged conduct was sufficiently adverse to satisfy the second

requirement for a retaliation claim, Plaintiff fails to allege any facts whatsoever establishing a causal

connection between the filing of grievances and the alleged adverse action.  It is well recognized that

---

        [4]The hearing officer found Plaintiff not guilty of the sexual misconduct charge because the facts listed in the report were not consistent with the video evidence.  (Major Misconduct Hr'g Report, Page ID#32.)

        [5]The hearing officer dismissed the charge of sexual misconduct because the relevant video tape was no longer available for review.  (Major Misconduct Hr'g Report, Page ID#75.)

"retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient."  *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'"  *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening).

Plaintiff vaguely asserts that Oatley, Tammelin and Neubecker retaliated against him for filing grievances against their co-workers.  Plaintiff does not make any further allegations in support of his claim.  He does not identify the co-workers who were grieved, what specific grievances he filed against the unnamed co-workers, or when he filed the grievances.  In other words, Plaintiff fails to make any material allegations connecting grievances with Defendants' alleged adverse action.  Similarly, Plaintiff's vague assertion that Hill and Nadeau retaliated against him for filing grievances against them and their co-workers is not sufficient to show retaliatory intent. Plaintiff does not specifically allege what grievances he filed against Hill and Nadeau or when he filed the alleged grievances.  He has not presented any facts whatsoever to support his conclusion that Defendants retaliated against him because he filed a grievance against them or some other, unnamed officer(s).  Plaintiff's allegation that Defendant Tribley placed him on mattress restriction

-16-

because Plaintiff filed a  grievance against him at some unspecified time in the past at a different facility also is far too vague and conclusory to establish that the alleged adverse action was motivated by his grievances.

While the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines*, 404 U.S. at 520, the Supreme Court has reaffirmed that, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.  Because the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, Plaintiff's retaliation claims against Defendants Tribley, Hill, Nadeau, Oatley, Tammelin and Neubecker must be dismissed for failure to state a claim.  *See Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e, with the exception of Plaintiff's Eighth Amendment claim against Defendants Hill and Nadeau concerning the deprivation of forty-two meal trays over a period of two months.

An Order consistent with this Opinion will be entered.


Dated: <u>June 18, 2012</u>                    /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE