UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAFAEL BEAN #253562,

    Plaintiff,

v.

KEN TRIBLEY, et al.,

    Defendants.
_____/

File No. 2:11-CV-427

HON. ROBERT HOLMES BELL

**O P I N I O N**

On May 1, 2013, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendants Hill and Nadeau's motion for summary judgment (Dkt. No. 20) be granted in part and denied in part. (Dkt. No. 29.) This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 33.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff's sole objection is that the Magistrate Judge erred in concluding that Plaintiff had not exhausted his administrative remedies. The Magistrate Judge concluded that

Plaintiff had exhausted his administrative remedies with regard to his claim that Defendant Hill deprived him of food trays over a two month period ending on May 8, 2010, and that Defendant Nadeau denied him food trays on May 9 and 14, 2010. (Dkt. No. 29, at 8.) However, the Magistrate Judge found that Plaintiff had not exhausted his administrative remedies with regard to his claim that he was denied food trays on subsequent occasions. (*Id.*) Plaintiff argues that his grievances show that May 8, 9, and 14 were the *beginning* of violations, meaning that subsequent violations by Hill and Nadeau must be considered properly grieved.

**A. Defendant Hill**

Grievance MBP 2010-05-1164-27A, which named Hill and various other officers but not Nadeau, challenged a food loaf restriction assessed to Plaintiff following a Major Misconduct hearing. (*See* Dkt. No. 21, Ex. G.) If Plaintiff's grievance is meant to argue that he should not have been assessed a food loaf restriction then filing a grievance was not the appropriate administrative action to take. "Decisions made in hearings conducted by hearing officers of the State Office of Administrative Hearings and Rules, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing)" are not grievable. MDOC PD 03.02.130(F)(2). Consequently, completion of the grievance process would not have exhausted Plaintiff's administrative remedies. Instead, Plaintiff was required to submit a Request for Rehearing to the Hearings Administrator in order to exhaust his administrative

2

remedies. MDOC PD 03.03.105(SSS). Plaintiff has not shown that he filed such a request regarding his May 8, 2010, Major Misconduct. Consequently, if Grievance MBP 2010-05-1164-27A is challenging Plaintiff's food loaf restriction, Plaintiff has not exhausted his administrative remedies.

Alternatively, if Grievance MBP 2010-05-1164-27A was meant to argue that various officers including Hill inappropriately carried out the food loaf restriction, then filing a grievance was the appropriate administrative action. *See* MDOC PD 03.02.130(E). However, in that case Plaintiff still failed to exhaust his administrative remedies for any actions occurring after May 8 because he did not raise these actions at Step I. "[A] prisoner must raise each of his claims for the first time at Step I." *Solomon v. Mich. Dep't of Corrs.*, No. 2:10–cv–59, 2011 WL 4479300, at *3 (W.D. Mich. Aug. 31, 2011) (Greeley, M.J.) (citing *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003)). The Step I grievance, which was filed on May 12, listed May 8 as the date of the incident and Plaintiff specifically stated that "[o]n the above date" he was denied a food tray. (Dkt. No. 21, Ex. G, at PageID# 295.) Thus, even if Plaintiff raised subsequent incidents in his Step II appeal, it would not serve to exhaust his administrative remedies.

Nor can Plaintiff excuse his failure to raise the subsequent incidents until Step II by claiming that his grievance regarded a "continuing violation." The Eastern District of Michigan has held that a grievance claiming that medical personnel were deliberately indifferent to an ongoing medical condition was timely as long as prison officials retained

the power to treat the condition. *Ellis v. Vadlamudi*, 568 F. Supp. 2d 778 (E.D. Mich. 2008). However, in *Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011), the Sixth Circuit limited *Ellis*'s holding to its facts. In *Siggers*, the plaintiff argued that the one grievance he filed regarding the rejection of his mail put the defendants on notice of a continuing violation. 652 F.3d at 692. In denying the plaintiff's argument, the Sixth Circuit distinguished the plaintiff's situation from the situation in *Ellis* by noting that "the Notices of mail rejection that Siggers identifies are each discrete events, and each Notice involves separate facts and circumstances." *Id.* at 693. Because Plaintiff cannot challenge the food loaf restriction itself through the grievance process, he is limited to arguing that various officers have misapplied the restriction at different times. In that case, the denial of food trays to Plaintiff by the officers on different occasions must be considered discrete events involving separate facts and circumstances. Consequently, Plaintiff was required to raise each denial of a food tray at Step I. *See Siggers*, 652 F.3d at 693.[1]

**B. Defendant Nadeau**

Grievances MBP 10-05-1208-17a and MBP 10-05-1209-17a contain, among various other allegations, an allegation that Defendant Nadeau threatened to deny Plaintiff food trays

---

[1] Contrary to Plaintiff's argument, MDOC policy did not prevent Plaintiff from filing additional grievances regarding the denial of food trays. MDOC policy provides that a grievance may be rejected if it "raises issues that are duplicative of those raised in another grievance filed by the grievant." MDOC PD 03.02.130(G)(1). This directive regards duplicating issues that have already been grieved; thus, Plaintiff could not file a second grievance regarding the May 8 denial of a food tray. However, it does not prohibit Plaintiff from grieving a *subsequent* denial of a food tray.

on May 9 and did deny Plaintiff food trays on May 14. (Dkt. No. 21, Exs. J, M.) Because these grievances concerned the same time period as the grievance against Hill, it is likely that any denial of food trays to Plaintiff was carried out in accordance with the May 8 Major Misconduct punishment and thus was a non-grievable issue. However, even if these denials were unrelated to the Major Misconduct punishment, Plaintiff cannot file one grievance and expect it to cover all future incidents which are arguably related. As the Step I responses to both grievances indicate, Plaintiff was denied the various services listed in his grievances because he either refused them or would not allow staff to safely provide them. (*Id.*) Accordingly, if Plaintiff was denied a food tray on a day after May 14, that denial must be considered a discrete event potentially motivated by different facts and circumstances – namely, Plaintiff's conduct on that particular day. Thus, Plaintiff was required to grieve each event separately. *See Siggers*, 652 F.3d at 693; *Solomon* 2011 WL 4479300 at *3.

In sum, the Magistrate Judge's conclusion that Plaintiff did not exhaust his administrative remedies for food tray incidents occurring after the dates listed in the grievances was not in error. An order adopting the R&R consistent with this opinion will be entered.

Dated: July 16, 2013                                    /s/ Robert Holmes Bell
                                                               ROBERT HOLMES BELL
                                                               UNITED STATES DISTRICT JUDGE