UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAFAEL BEAN,

    Plaintiff,

v.                                                                                          Case No. 2:11-cv-427
                                                                 HON. ROBERT HOLMES BELL
KEN TRIBLEY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        The jury trial in this prisoner civil rights action is set for March 2, 2015. In the parties' proposed Joint Final Pre-Trial Order, plaintiff indicates that he intends to call 29 witnesses. The proposed witnesses are all employees of the Michigan Department of Corrections and include John Hill and Scott Nadeau, the two remaining defendants in this action. Defendants John Hill and Scott Nadeau will be attending the trial and Plaintiff will be able to call these individuals as witnesses. However, Plaintiff has failed to serve a subpoena on the remaining 27 proposed witnesses. Attached to this Court's Case Management Order (Docket #53) is a Notice Regarding Issuance of Subpoenas and Writs of Habeas Corpus Ad Testificandum. That Notice states, in part:

> Non-incarcerated witnesses must be served with a subpoena. Federal Rule of Civil Procedure 45(a)(3) directs the Court Clerk to issue a subpoena, signed but otherwise blank, to a party requesting it. No previous leave of court is necessary for the issuance of a subpoena. A party requesting a subpoena should be aware, however, that he is responsible for service of the subpoena in compliance with Rule 45. Specifically, the subpoena must be served by delivering a copy to the witness. FED. R. CIV. P. 45(b)(1). Service by mail is insufficient. *See Firefighters Inst. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000). Furthermore, if the witness's attendance is commanded, <u>the subpoena must be accompanied at the time of</u>

service with fees for one day's attendance and the mileage allowed by law. *See Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995); *see also George v. Jones*, No. C 06-2800 CW, 2008 WL 859439, at * 16 (N.D. Cal. Mar. 28, 2008); *Reynosa v. Smith*, No. 4:06-cv-106, 2006 WL 3456667, at * 1 (W.D. Mich. Nov. 27, 2006). The party requesting a subpoena must pay these fees. The court has no authority to waive such fees or to direct that the government advance them on a party's behalf. *See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983), *abrogation recognized on other grounds*, *L&W Supply Corp. v. Acuity*, 475 F.3d 737, 739 n.6 (6th Cir. 2007); *accord Lofton v. Smith*, No. 604cv48, 2007 WL 2728431, at * 2 (S.D. Ga. Sept. 10, 2007) (collecting cases); *Strain v. Sandham*, No. Civ. 5-05-474 GEB GGH P, 2007 WL 867962, at * 5 (E.D. Cal. Mar. 20, 2007).

Because Plaintiff has failed to serve subpoenas in the manner required by this Court's Notice Regarding Issuance of Subpoenas and Writs of Habeas Corpus Ad Testificandum, it is recommended that Plaintiff not be permitted to call these individuals as witnesses and that the witnesses be stricken from the Final Pretrial Order.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 12, 2015